

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00023-CR

_____

JERRY GEE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-0957-12

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Jerry Gee was convicted by a jury of the felony driving while intoxicated (DWI) offense with which he was charged.[1] *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (West Supp. 2012). Gee elected for the trial court to assess punishment, was sentenced to eight years' imprisonment, and was ordered to pay a $10,000.00 fine.[2] Gee's attorney on appeal has filed a brief which states that he reviewed the record and found no viable issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Gee along with a copy of his motion to withdraw as attorney in this case and his letter informing Gee of his right to file a pro se response. Gee has filed a pro se response in which he seeks to "beseech this court to allow appellant to further perfect his appellate processes by being able to present subsequent oral arguments to this Court." Gee complains that some error must exist because he was not issued *Miranda*[3] warnings

---

[1]Gee entered a plea of "true" to and the State introduced evidence of the two jurisdictional DWI offenses alleged in the State's indictment.

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]*See Miranda v. Arizona*, 384 U.S. 436 (1966).

"directly after being arrested on an offense," a fact which the record confirms.[4] He complains of no error on the part of the trial court.

We have independently reviewed the entire record, as well as Gee's pro se brief, and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We determine that this appeal, including any complaint raised by Gee's pro se brief, is wholly frivolous. Therefore, we agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[5]


Bailey C. Moseley
Justice


Date Submitted:     October 9, 2013
Date Decided:      October 10, 2013

Do Not Publish

---

[4]This issue was raised by Gee's counsel, and the arresting officer clarified that he did not issue *Miranda* warnings because he did not ask any questions of Gee. "'*Miranda* protects defendants against government coercion leading them to surrender rights protected by the Fifth Amendment; it goes no further than that.'" *Oursbourn v. State*, 259 S.W.3d 159, 169, 170 (Tex. Crim. App. 2008) (quoting *Colorado v. Connelly*, 479 U.S. 157, 170 (1986)). Gee's pro se brief does not allege that he made any involuntary post-arrest statements which could be excluded based on the failure to issue *Miranda* warnings.

[5]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.